UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07-CV-00201-R

BRIAN ROSS                                                                                                    PLAINTIFF

v.

CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC.,
CONCORD LEASING COMPANY, and JOEL McCLURE                               DEFENDANTS

**OPINION AND ORDER**

This matter is before the Court upon Defendants' Motion for Partial Summary Judgment (Docket #12). Plaintiff has responded (Docket #13) and Defendants have replied (Docket #14). This matter is now ripe for adjudication.

This case arises from a motor vehicle accident occurring on March 7, 2005. Plaintiff Brian Ross alleges that he was driving on an exit ramp when Defendant Joel McClure collided his vehicle with Ross's, resulting in injury to Ross. Ross also alleges that McClure was operating a motor vehicle owned by either Defendants Consolidated Electrical Distribution ("CED") or Concord Leading Company ("Concord") and was acting within the scope of employment of either CED or Concord.

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Electric*, 475 U.S. at 587. The non-movant must present more than a mere scintilla of evidence in support of his position; the non-movant must present evidence on which the trier of fact could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Mere speculation will not suffice to defeat a motion for summary judgment: "The mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Defendants make three arguments in favor of partial summary judgment. First, Defendants admit that McClure was operating a vehicle that belonged to or was leased by CED. The parties also stipulate that at the time of the accident McClure was employed by CED and acting within the scope of his employment. Because there was no agency relationship between McClure and Concord, Defendants argue that any claims against Concord should be dismissed.

"To hold an employer vicariously liable for the actions of an employee, the doctrine of respondeat superior requires a showing that the employee's actions were in the course and scope of his employment and in furtherance of the employer's business." *Easterling v. Man-O-War Automotive, Inc.*, 223 S.W.3d 852, 855 (Ky. Ct. App. 2007). A claim of respondeat superior cannot be maintained under Kentucky law where there is no proof that an individual was an employee of the alleged employer or that his actions were in furtherance of the alleged

employer's business.  Plaintiff offers no proof that McClure was an employee of Concord or that he drove a vehicle owned by Concord.  Accordingly, the Court dismisses all claims against Defendant Concord.

Second, Defendants believe that Plaintiff's complaint states a claim for negligent entrustment.  Defendants argue that Plaintiff has failed to develop any proof demonstrating negligent entrustment.  In response, Plaintiff asserts that he has not pled or developed any evidence of negligent entrustment.  Therefore, the Court accepts Defendant's voluntary withdrawal of this issue.

Finally, Defendants argue that Plaintiff has failed to develop any evidence to support his claim for lost earning capacity.  Plaintiff disputes this assertion, arguing that loss of earning capacity can be proven by the testimony of the injured person alone and that Plaintiff is still developing medical proof to substantiate this claim.  Since proof is still in the process of being developed, the Court finds it premature to rule on this issue.[1]

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion for Partial Summary Judgment is **GRANTED** in part and **DENIED** in part**.**

---

[1] The Court recognizes that Defendants filed their motion regarding lost earning capacity based on the evidence currently before them and in accordance with the Court's Scheduling Order requiring that all dispositive motions be filed by September 15, 2008.  However, the Court believes that this issue is one best reserved for trial.

3